Judge Owsley
delivered the opinion.
This was an action of detinue, brought by Hurt to recover from Miller, a negro,man named Wiatt.
Miller held the possession of the negro under a purchase from the sheriff, at a sale made in virtue of a writ of fieri facias, which issued on a judgment obtained by Miller in the circuit court, against a certain John Hancock; and Hurt claims title to the negro under a purchase and bill of *337 rale from said John Hancock, prior to the date of the .fieri facias under which the sale was made bj the sheriff to Miller.
wherecon-tradictory e-^'denc '*£*■ ¡t ⅛ irregular for ,the cmlp- to j^1 i hey believ'd ah the evi-<J,e’ cf; ’¾ should find for either one ofthe parties s|10uidb*t-'ft to ihe jury, wlthoul; any ¡he'court’so-pinion, the
Where, ’here is con-tradiciory eh-s^fction"^ given by the coun should, catedTn^tlS existence of certain facta ⅛1!6 5 ® y- ,
On the trial in the circuit court, it was contended by Miller, that the purchase of Hurt and the bill of sale from Hancock to him, were made with the intention of defraud- _ ing Hancock’s creditors; whereas it was insisted by Hurt, that his purchase was made in good faith, and for a full and valuable consideration.
To maintain their several positions, each party introduced evidence, in some respectsconsistent with, but in others, repugnant to, that of the other; and after the evi dence of each party was through, the counsel of Miller moved the court, and it accordingly, among other things, instructed the jury, that if they believed all the evidence in the cause to be true, and all the facts that could reasonably be inferred therefrom, the law arising thereon was for Miller, and they ought to find for him.
The jury accordingly found for Miller, and judgment , . t " . ,a.J c , ’ ,r - having been rendered in conformity to the verdict, Hurt appealed to this court _
'Phis court is of opinion, that the cit%uit court erred in its instructions. It erred, because it was irregulai, after the introduction of contradictory evidence bv each parly, for the court to hypothecate its instruction, for the jury to find for Miller, upon their belpf of all the evidence, and the facts which the evidence conduced to prove; and it was irregular, because, instead of leaving the jury to weigh the credibility of the witnesses, and determine the facts without any intimation of opinion from the court on the evidence, the instructions imply an opinion and decision by the court, that both the facts and law were in favor of Miller’s right to recover.
It is true, the instructions are hypothecated upon the jury’s belief of the evidence, but before the court could know as matter of law, that the jury ought to find for Miller, it was important to know what facts were established by the evidence, and consequently by1 instructing the jury to find for Miller, if they believed the evidence, the court not only gave the conclusions of law, but%s the evidence conduced to prove contradictory facts, the court must, also, have de-tided, as well on the weight of the evidence in relation to those facts, as on the facts which the evidence conduced io prove.
Afrerthem ce.inr-.diei'n evidfr.ee. t e cense can:-.ot from the in'-ry nyden’ur-re: to evience'
Hardin for appellant, Thornton Sf Caldwell for appellee*
Instead, therefore, of the instructions which were givíñS ’^e Í1IFV> the court should have hypothecated them ok the existence of specific facts to be ascertained bv the jury. It is noj intended to say that it would he irregular ia anv possible case lor the eomt to instruct the jury to find for a plaintiff, if they believed the evidence. Though not according to the most approved practice, such instructions rtnghl be sustained, whenever a decision of the cause might be withdrawn from the jury to the court, by a demurrer I» ev}dence; {jU( that can never be done after the introduction ®f contradictory evideogf bv both parlies,
The judgment must consequently be reversed with costs, ⅛* caUse remanded and further proceedings had not iucon-sistent with this opinion.